**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York
(State)

Case number (*If known*): _____ Chapter 11

❑ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1. **Debtor's name** | Puble N.V. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    5  2  _  1  4  5  7  6  6  1

4. **Debtor's address**

**Principal place of business**

67 Irving Place
Number        Street

_____

New York            NY        10003
City            State        ZIP Code

New York
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City            State        ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City            State        ZIP Code

5. **Debtor's website** (URL)    _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

Debtor    Puble N.V.
_____    Case number *(if known)*_____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  3  1  3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                              MM / DD / YYYY

         District _____  When _____  Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor   Scotia Valley N.V._____  Relationship   Affiliate_____

         District   SDNY_____   When   03/28/2017____
                                                       MM / DD / YYYY

         Case number, if known _____

| | | |
|---|---|---|
| Debtor | <u>Puble N.V.</u><br>Name | Case number *(if known)*_____ |

---

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
|---|---|---|

---

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br><br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____ |
|---|---|---|

Where is the property?_____

| Number | Street | | |
|---|---|---|---|
| _____ | | | |
| City | | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

| 13. | **Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br><br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|

---

| 14. | **Estimated number of creditors** | ☒ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

---

| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

---

Debtor    Puble N.V._____    Case number *(if known)*_____
         Name

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/28/2017
          MM  / DD / YYYY

✘ /s/ Charis C. Lapas                           Charis C. Lapas
Signature of authorized representative of debtor     Printed name

Title  President/Treasurer

**18. Signature of attorney**

✘ /s/ Frank A. Oswald                    Date  03/28/2017
Signature of attorney for debtor                MM   / DD / YYYY

Frank A. Oswald and Scott E. Ratner
Printed name
Togut, Segal & Segal LLP
Firm name
One Penn Plaza, Suite 3335
Number      Street
New York                          NY        10119
City                              State     ZIP Code

212-594-5000                      frankoswald@teamtogut.com
Contact phone                     Email address

FAO-1223                          NY
Bar number                        State

### ACTION BY WRITTEN CONSENT OF
### THE BOARD OF DIRECTORS OF
### PUBLE N.V.

#### MARCH 27, 2017

WHEREAS, the Board of Directors of Puble N.V., a Delaware corporation (the "Company"), does hereby consent to the taking of the following actions and does hereby adopt the following resolutions pursuant to the Company's bylaws and the General Corporation Law of the State of Delaware;

WHEREAS, the Board of Directors has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board of Directors has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board of Directors has determined that it is in the best interest of the Company, its subsidiaries and their respective stakeholders, for the Company and its subsidiaries to take the actions specified in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Board of Directors has been presented with a proposed petition to be filed by the Company in the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Board of Directors, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deem it advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company, its subsidiaries, creditors, employees, stakeholders and other interested parties, that a voluntary petition be filed by the



Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the officers of the Company, or any one of them or Charis Lapas (collectively, the "Officers"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer(s) executing said petition on behalf of the Company shall determine.

*General Authority to Implement Resolutions*

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Officer or Officers deem necessary or proper in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Officer, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates) with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that Officers be, and each of them is, authorized to execute, deliver and perform any and all special powers of attorney as such Officer may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that

2



may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation, the firm Togut, Segal and Segal to act as chapter 11 counsel; and in connection herewith each Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses as in the judgment of such Officer or Officers shall be necessary, proper, appropriate, desirable or advisable of such Officer or Officers to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company in all respects by the Board of Directors of the Company; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed and approved in all respects by the Board of Directors of the Company; and it is further

3



RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Officers to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

RESOLVED, that each of the Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each direct subsidiary of the Company, in each case, as such Officer or Officers shall deem necessary proper, appropriate, desirable or advisable to effectuate the purposes of the transactions contemplated herein.

*** 

4

The foregoing resolutions are hereby approved as an action taken by the Board of Directors of the Company, without formal meeting, effective as of the date first written above.

_____

Andreas Papathomas

_____

Nicos Mavronicolas

5

The foregoing resolutions are hereby approved as an action taken by the Board of Directors of the Company, without formal meeting, effective as of the date first written above.

_____

Andreas Papathomas

Nicos Mavronicolas

**PUBLE N.V.**

---

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS
### March 26, 2017

---

The undersigned, being the sole member of the board of directors (the "*Board*") of Puble N.V., a Delaware corporation (the "*Company*"), acting pursuant to Section 7 of Article III of the By-Laws of the Company (the "*Bylaws*"), and Section 141(f) of the Delaware General Corporation Law, does hereby consent to the adoption of, and does hereby adopt, the following resolutions with the same force and effect as if they had been approved and adopted at a duly convened meeting of the Board and does hereby direct that this written consent be filed with the minutes of the proceedings of the Board:

**CREATION OF NEW DIRECTORSHIP**

WHEREAS, pursuant to Section 1 of Article III of the Bylaws, the Board shall consist of such number of directors as the Board shall from time to time specify; and

WHEREAS, Eugene T. Rossides, as the sole member of the Board, deems it advisable and in the best interests of the Company to increase the number of directors on the Board from one (1) to two (2).

NOW, THEREFORE, BE IT RESOLVED, that, effective immediately, the number of directors on the Board shall be two (2).

**ELECTION OF OFFICER**

WHEREAS, Eugene T. Rossides has resigned as an officer of the Company, effective immediately, and the Board deems it advisable and in the best interests of the Company to accept the resignation of Mr. Rossides as an officer of the Company; and

WHEREAS, pursuant to Section 2 of Article IV of the Bylaws, the Board may appoint such officers of the Company as it may deem advisable, and the Board deems it advisable and in the best interests of the Company to appoint a President and a Secretary of the Company in order to fill the vacancy created by Mr. Rossides' resignation.

NOW, THEREFORE, BE IT RESOLVED, that, effective immediately, Charis Lapas be, and hereby is, elected to the following offices of the Company, to hold such offices in accordance with the Bylaws, until the next annual meeting of the Board and until his successor shall have been duly elected and qualified, or until his prior death, resignation or removal:

| Name | Title |
| --- | --- |
| Charis Lapas | President and Secretary |

## GENERAL AUTHORIZATION

FURTHER RESOLVED that, in addition to the specific authorizations set forth in any of the foregoing resolutions, the appropriate officers of the Company be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such other documents, certificates, instruments, amendments and agreements, to make such filings in the name and on behalf of the Company, to incur and pay all such fees and expenses and to engage in such acts as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purposes of the foregoing resolutions, and the execution by any of such officers of any such documents, certificates, instruments or agreement, the making of any such filings or the payment of any such fees and expenses or the doing by them of any act in connection with the foregoing matters shall be conclusive evidence of their authority therefor and for the approval of the documents, certificates, instruments and agreements so executed, the filings so made, the expenses so paid and the actions so taken;

FURTHER RESOLVED, that any person dealing with any officer of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document, agreement, or instrument; and that the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and

FURTHER RESOLVED, that any and all actions taken heretofore by any officer or director of the Company in connection with the transactions and other matters contemplated by the foregoing resolutions be, and they hereby are, ratified, approved, confirmed and accepted in all respects.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned, being the sole director of the Company, has executed this written consent as of the date first set forth above.

Eugene T. Rossides

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

In re:                              :   Chapter 11
                                            :

PUBLE N.V. *et al.*,         :   Case No. 17-[_____] (___)
                                          :
                                          :

          Debtors.       :   (Joint Administration Motion Pending)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **SCHEDULE OF CREDITORS HOLDING LARGEST SECURED CLAIMS**

The following is the only known creditor holding secured claims against the Debtors, on a consolidated basis, as of March 28, 2017.

This information has been prepared from the books and records of the Debtors, and in accordance with Bankruptcy Rule 1007(d), for filing in the Debtors' chapter 11 cases.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors and the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any of the Debtors' rights relating thereto.

| Lender/Address/E-mail/Telephone No. | Claim | Description of Collateral |
|---|---|---|
| 1. Irving DC Lender, LLC[(P)]<br>134 West 25th Street, 5th Floor<br>New York, New York 1001<br>(212) 929-8100<br>Attn: Daniel Wrublin | $9,355,414.27<br><br>(plus accrued interest, fees and other charges) | Real Property located at 67 Irving Place, New York, NY<br><br>Market value of approximately $40 Million |
| 2. Irving DC Lender, LLC [(S)]<br>134 West 25th Street, 5th Floor<br>New York, New York 1001<br>(212) 929-8100<br>Attn: Daniel Wrublin | $3,901,031.45<br><br>(plus accrued interest, fees and other charges) | Real Property located at 1737 H Street N.W. Washington, DC<br><br>Market value of approximately $8 Million |

(P) Puble N.V.
(S) Scotia Valley N.V.

**DECLARATION UNDER PENALTY OF PERJURY:**

I, Charis C. Lapas, the undersigned authorized Person on behalf of the Debtors, declare under penalty of perjury that I have read the foregoing List of Creditors Holding the Largest Secured Claims and that the list is true and correct to the best of my information and belief.

Dated: March 28, 2017
/s/ Charis C. Lapas

By: Charis C. Lapas
Title: President/Secretary

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PUBLE N.V. *et al.*, | : | Case No. 17-[_____] (___) |
|  | : |  |
|  | : |  |
| Debtors. | : | (Joint Administration Motion Pending) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 20 largest non-contingent unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately March 28, 2017. The Consolidated List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

**Fill in this information to identify the case:**

Debtor name  Puble N.V. et al.,

United States Bankruptcy Court for the:  Southern                    District of  New York
                                                                    (State)

Case number (If known):  _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Heritage Realty Services (p) | 67 Irving Place New York, NY 10003 212-674-2556 | Brokerage Commission | | | | $ 22,295.97 |
| 2 | NYS Insurance Fund (p) | 199 Church Street New York, NY 10007 888-875-5790 | Workers Compensation | | | | $ 3,388.00 |
| 3 | United Metro Energy (p) | 500 Kingsland Ave, Brooklyn, NY 11222 718-383-1400 | Services | | | | $ 3,096.03 |
| 4 | 32BJ BENEFITS (p) | 25 West 18th Street New York, NY 10011 212-388-2000 | Union | | | | $2,038.65 |
| 5 | Briscoe Protective Systems, Inc. (p) | 99 Mark Tree Road, Suite 201 Centereach, NY 11720-2276 888-274-7263 | Services | | | | $1,675.00 |
| 6 | NYC Dept of Finance-ECB (p) | c/o IC System 444 Highway 96 East St. Paul, MN 55164 800-279-7269 | violation | Disputed | | | $1,080.00 |
| 7 | Eastern Elevator Company Inc. (p) | 213 Frost Street Brooklyn, NY 11211 718-383-8760 | Services | | | | $734.91 |
| 8 | Con Edison (p) | 507 West 145th Street New York, NY 10031 212-460-4600 | Utilities | | | | $617.00 |

(p) Puble N.V. creditor

(s) Scotia Valley N.V. creditor

Debtor   __Puble N.V. et al.,_____   Case number (if known)_____
             <sub>Name</sub>

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Verizon (p) | 140 W. Street New York, NY 10007 (p) 212-395-1000 (f) 212-517-1897 | Utilities | | | | $442.70 |
| 10 | Steel Systems LLC (p) | P.O. Box 563 Purchase, NY 10577 855-315-4122 | trade | | | | $435.50 |
| 11 | Safeway System, Inc.- Exterminators (p) | 189 Schofiel Street Bronx, NY 10464 718-220-1410 | trade | | | | $108.78 |
| 12 | Action Environmental Services (p) | 300 Frank W. Burr Blvd Ste 39, Teaneck, NJ 10464 866-270-9900 | trade | | | | $86.76 |
| 13 | American Express (s) | 200 Vesey Street. New York, NY 10285-3106. 212-640-2000 | Services | | | | $12,734.06 |
| 14 | Verizon (s) | 140 W. Street New York, NY 10007 (p) 212-395-1000 (f) 212-517-1897 | Utilities | | | | $518.80 |
| 15 | The Hartford Fire Insurance (s) | 3000 Internet Blvd., #600 Dallas, TX 75034 860-547-5000 | Insurance | | | | $4,553.45 |
| 16 | All American Pest Control (s) | 5613 Leesburg Pike #12 Falls Church, VA 22041 703-239-4912 | Services | | | | $160.00 |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

(p) Puble N.V. creditor
(s) Scotia Valley N.V. creditor

**DECLARATION UNDER PENALTY OF PERJURY:**

       I, Charis C. Lapas, the undersigned authorized person on behalf of the Debtors, declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims and are not Insiders, and that the list is true and correct to the best of my information and belief.

Dated: March 28, 2017            /s/ Charis C. Lapas
                                        By: Charis C. Lapas
                                        Title: President/Secretary

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
In re:                                                          :    Chapter 11
                                                                :
PUBLE N.V. *et al.*,                                            :    Case No. 17-[_____] (___)
                                                                :
                                                                :
                          Debtor(s).                            :    (Joint Administration Motion Pending)
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT

   Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Puble N.V., the debtor and debtor in possession herein**,** is owned as follows:

1. <u>50</u>% of Puble N.V. is owned by Scranton Establishment.

2. <u>50</u>% of Puble N.V. is owned by Skethyl Establishment.


**DECLARATION UNDER PENALTY OF PERJURY:**

   I, Charis C. Lapas, the undersigned authorized person on behalf of the Debtors, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that the list is true and correct to the best of my information and belief.

Dated: March 28, 2017    /s/ Charis C. Lapas
           By: Charis C. Lapas
           Title: President/Secretary

**PUBLE N.V.** *et al.,*

32BJ Benefits
25 West 18ᵗʰ Street
New York, NY 10011

Action Environmental Services
300 Frank W. Burr Blvd
Suite 39
Teaneck, NJ 07666

All American Pest Control, Inc.
5613 Leesburg Pike #12
Falls Church, VA 22041

Alumaline Inc.
150-17 12ᵗʰ Road
Whitestone, NY 11357

American Express Co.
Brookfield Place
200 Vesey Street
New York, NY 10285

Angelides & Company
23-58 Steinway Street
Astoria NY 11105
Attn: Christina Kay, CPA

Briscoe Protective Systems Inc.
99 Mark Tree Road, Suite 201
Centereach, NY 11720-2276

Con Edison
Jaf Station
P.O. Box 1702
New York, NY 10116-1702

Datawatch Systems
4520 East West HWY #200
Bethesda, MD 20814

Datawatch Systems
4401 East West HWY, Suite 500
Bethesda, MD 20814

DC Water and Sewer Authority
5000 Overlook Avenue, SW
Washington, DC 20032

Delta Signs And Flags
6524 Myrtle Ave
Glendale, NY 11385

DGA Security Systems
429 West 53rd Street
New York, NY 10019

Eastern Elevator Company Inc.
213 Frost Street
Brooklyn, NY 11211

G&G Electric Supply Co. Inc.
137 West 24th Street
New York, NY 10011

GNY Insurance
200 Madison Ave,  #3
Andreas Christodoulou
New York, NY 10016

Government of the District of Columbia
Office of the Chief Financial Officer
Office of Tax and Revenue
1101 4th Street, SW
Washington, DC 20024

Grainger Inc.
815 Third Ave
Brooklyn, NY 11232

H&D Supply
Po Box 509058
San Diego, CA 92150-9058

Heritage Realty Services
67 Irving Place
New York, NY 10003

IB&P Co. LLC

255 Route 1 and 9
Jersey City, NJ 07306

Irving DC Lender, LLC[7]
134 West 25th Street, 5th Floor
New York, New York 1001
Attn: Daniel Wrublin

J.E. Richards, Inc.
10401 Tucker Street
Beltsville, MD 20705

M&J Electrical Contractors
23-24 Steinway Street
Astoria, NY 11105

NYC Water Board
59-17 Junction Blvd,
Flushing, NY 11373

New York Commercial Bank
615 Merrick Avenue
Attn: Commercial Real Estate Department
Westbury, NY 11590

New York Commercial Bank
33-12 30th Avenue
Astoria, NY 11103

New York State Insurance Fund
199 Church Street
New York, NY 10007

Department of The Treasury
Internal Revenue Service Center
Ogden, UT 84201-0012

NYS Corporation Tax
Po Box 15181
Albany, NY 12212-5181

NYC Department of Finance
P.O. Box 5564
Binghamton, NY 13902-5564

Palace Plumbing
13 West 24th Street
New York, NY 10010

PEPCO (Potomac Electric Power Co,)
701 9th St NW
Washington, DC 20068

Realty Advisory Board
292 Madison Avenue
New York, NY 10017

Republic Services
300 Ritchie Road
Capital Heights, MD 20743-361414

Republic Services
1423 S Jackson St
Louisville, KY 40290-1099

Safeway System Exterminators
189 Schofiel Street
Bronx, NY 10464

Schindler Elevator Corporation
PO Box 93050
Chicago, IL 60673-3050

Schindler Elevator Corporation
6800 Muirkirk Rd
Beltsville, MD 20705-1227
Attn: Michael Lieb and Michael Sheehan Jr.

Sherman & Gordon PC
494 Eighth Avenue
New York, NY  10001

Steel Systems LLC
PO Box 563
Purchase, NY 10577

The Hartford
Hartford Fire Insurance

P.O. Box 660916
Dallas, TX 75266-0916

The Hartford-Fire Insurance
3000 Internet Blvd. #600
Dallas, TX 75034

The Metro Group Inc.
50-23 23rd Street
Long Island City, NY 11101

The Sherwin-William Co
125w 21st Street
New York, NY 10011

United Metro Energy
500 Kingsland Avenue
Brooklyn, NY 11222

Verizon
PO Box 4830
Trenton, NJ 08650-4830

Verizon
140 W. Street
New York, NY 10007

Washington Gas
P.O. Box 2432
Washington, DC 20081-0001

Washington Gas
6801 Industrial Road
Springfield, VA 22151-4294

Zraick, Nahas & Rich
303 Fifth Ave., Suite 1201
New York, NY 10016

**Fill in this information to identify the case and this filing:**

Debtor Name ___Puble N.V. et al.,_____

United States Bankruptcy Court for the: ___Southern_____ District of ___New York___
                                                                                              (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ *Other document that requires a declaration* ___Consolidated Creditors Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/28/2017___          ✖ ___/s/ Charis C. Lapas_____
                MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                       ___Charis C. Lapas_____
                                       Printed name

                                       ___President/Secretary_____
                                       Position or relationship to debtor