PRESENMENT DATE: June 16, 2017 AT 12:00 P.M.
OBJECTION DEADLINE: June 16, 2017 AT 11:00 A.M.

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Scott E. Ratner

*Counsel for the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
PUBLE N.V. and SCOTIA VALLEY N.V.,                               :    Case No. 17-10747 (MEW)
                                                                 :
                                                                 :    (Jointly Administered)
              Debtors.[1]                                        :
                                                                 :
-----------------------------------------------------------------X

## DEBTORS' MOTION PURSUANT TO, *INTER ALIA*, 11 U.S.C. §§ 327, 330 AND 331 FOR AUTHORIZATION TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Puble N.V. ("Puble") and Scotia Valley N.V. ("Scotia Valley" and, together with Puble, the "Debtors"), hereby apply (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and retain, *nunc pro tunc* to the Petition Date (defined below), professionals utilized by the Debtors in the ordinary course of business (each, an "Ordinary Course Professional" and, collectively, the "Ordinary Course

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Puble N.V. (7661) and Scotia Valley N.V. (3068).

Professionals"). In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Charis C. Lapas (the "OCP Retention Declaration"), which is attached hereto as Exhibit B. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully state:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105(a), 327, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.  On March 28, 2017 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered. No trustee or examiner has been appointed in these Chapter 11 Cases. As of the date hereof, no creditors' committee has been appointed.

5.  The factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Charis C. Lapas Pursuant*

to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings *[Docket No. 3] (the "*First-Day Declaration*").[2]

## RELIEF REQUESTED

6.  By this Motion, the Debtors request, pursuant to, *inter alia*, sections 327, 330 and 331 of the Bankruptcy Code, authorization to (i) employ and retain, *nunc pro tunc* to the Petition Date, the Ordinary Course Professionals without the submission of separate employment applications and the issuance of separate retention orders for each individual professional;[3] and (ii) compensate, subject to certain limits set forth below, and reimburse the expenses of the Ordinary Course Professionals without the necessity of further Court approval.

7.  The Debtors desire to continue to employ the Ordinary Course Professionals to render a variety of professional services to the Debtors' estates in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Petition Date. The Ordinary Course Professionals have been representing both Debtors in recent years as real estate counsel.

8.  Specifically, the Ordinary Course Professionals' work has included representing the Debtors in the negotiation and closing of pre-petition financings secured by the Debtors' real property, including recent re-financing transactions where the Debtors' real property was collateralized to secure commercial loans made to certain affiliates of the Debtors. Also, during the months preceding the Petition Date, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] Although the Debtors only seek to employ one (1) Ordinary Course Professional pursuant to this Motion, the Debtors reserve the right to retain additional Ordinary Course Professionals from time to time in accordance with the procedures set forth herein.

3

Ordinary Course Professionals engaged in negotiations with third party potential purchasers/investors and their representatives regarding their interests in the Debtors' real property. The continued employment of these Ordinary Course Professionals, who are already familiar with the Debtors' business and financial affairs, will avoid disruption, duplication and delay in those matters for which they have been engaged and for future services to be rendered to or on behalf of the Debtors.

9. The Debtors submit the proposed employment of the Ordinary Course Professionals, and the payment of monthly compensation on the basis set forth below, are in the best interests of their estates, creditors, and all parties in interest in these Chapter 11 Cases. The relief requested is customary in Chapter 11 cases and will save the estate the expenses associated with applying separately for the employment of each Ordinary Course Professional. Further, the relief requested will avoid the incurrence of additional fees relating to the preparation and prosecution of fee applications for the Ordinary Course Professionals.

## PROPOSED PROCEDURES

A. <u>Payment of Fees and Expenses</u>

10. The Debtors propose they be permitted to pay each Ordinary Course Professional, without prior application to the Court by any such professional, one hundred percent (100%) of post-petition fees and disbursements incurred, upon the Ordinary Course Professional's submission to the Debtors of an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred; <u>provided</u>, <u>however</u>, that if any amount owed for an Ordinary Course Professional's post-petition fees and disbursements exceeds a total of $20,000 per month, then the full amount of payments to such professional for such month shall be subject to approval of the Court (the "<u>Monthly Fee Cap</u>"). In the event an Ordinary

4

Course Professional seeks more than the Monthly Fee Cap per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any relevant Orders of the Court.

11. In addition, the Debtors propose limiting payments to each Ordinary Course Professional to $100,000 for the entire period that these Chapter 11 Cases are pending, subject to further Order of the Court (the "Total Fee Cap"). In the event an Ordinary Course Professional seeks more than the Total Fee Cap for the entire period in which these Chapter 11 Cases are pending, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any relevant Orders of the Court and to file fee applications with the Court consistent with section 330 of the Bankruptcy Code.

12. The Debtors reserve the right to amend the Monthly Fee Cap and Total Fee Cap set forth in this section after consultation with U.S. Trustee and upon notice and hearing to the Court.

B. Submission of the Ordinary Course Professional Verified Statement

13. The Debtors propose, within thirty (30) days of the later of (i) the entry of an order granting this Motion; or (ii) the date that the relevant Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys a verified statement (the "Ordinary Course Professional Verified Statement"), substantially in the form attached as Exhibit 2

to the Order, certifying that the professional does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter that the professional is to be employed.[4]

14. The Debtors shall subsequently file the Ordinary Course Professional Verified Statement with the Court and serve a copy thereof upon: (i) the United States Trustee; (ii) counsel for Irving DC Lender, LLC; (iii) counsel to any statutory committee of unsecured creditors, if appointed; and (iv) any party that files a Notice of Appearance and request for service of pleadings in these Chapter 11 Cases (together with the Debtors, the "Reviewing Parties").

15. The Reviewing Parties shall have ten (10) days following service (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing, of any objection to the retention of such Ordinary Course Professional based on the contents of the Ordinary Course Professional Verified Statement. If, after the Objection Deadline, no objection is filed, the Debtors request the retention, employment, and compensation of such Ordinary Course Professional be deemed approved, without further order from the Court, *nunc pro tunc* to the Petition Date or the date the Ordinary Course Professional is retained, as applicable. If an objection is filed by the Objection Deadline and such objection cannot

---

[4] For the avoidance of doubt, the Debtors may retain non-bankruptcy attorneys who represented the Debtors prior to the Petition Date under section 327(e) of the Bankruptcy Code so long as the attorney does not "represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e); *see also In re Residential Capital, LLC*, No. 12-12020 MG, 2012 WL 3308408, at *6 (Bankr. S.D.N.Y. Aug. 10, 2012) (". . . attorneys retained under section 327(e) are held to the specific standard set forth in that section, and not held to the same disinterestedness standard as other retained professionals."); *In re Andover Togs, Inc.*, No. 96 CIV. 7601 (DAB), 2001 WL 262605, at *3 (S.D.N.Y. Mar. 15, 2001) (holding that section 327(e) creates an exception to section 327(a)'s standard of disinterestedness). As discussed above, the Debtors seek to retain their prepetition real estate counsel pursuant to this Motion.

6

be resolved within fourteen (14) days, the matter shall be set for a hearing before the Court.

### C. Additional Professionals

16. Attached as Exhibit 1 to the Order is an initial list of the Ordinary Course Professionals whose services, as identified by the Debtors as of the date of this Motion, are required.[5] The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases, as the need arises, and to otherwise supplement the list of Ordinary Course Professionals from time to time, as necessary. In such event, the Debtors propose to: (i) file a notice with the Court listing such additional Ordinary Course Professionals and to attach to such notice the Ordinary Course Professional Verified Statement for each additional Ordinary Course Professional (collectively, the "Supplemental Notice of Ordinary Course Professionals"); and (ii) serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties. The Debtors further propose the procedures and deadlines for Reviewing Parties to object to the retention, employment, or compensation of the additional Ordinary Course Professionals be the same as those set forth above for the Ordinary Course Professionals listed on Exhibit 1 to the Order.

## EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS SHOULD BE AUTHORIZED

17. The Debtors submit that it is impractical and economically inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional and to incur the costs associated with preparation and prosecution of fee applications for each Ordinary Course Professional,

---

[5] Exhibit 1 to the Order is a non-exhaustive list of Ordinary Course Professionals, and the Debtors reserve their right to supplement this list as set forth herein.

7

as required by sections 327, 330, and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016. Accordingly, the Debtors request the Court dispense with the requirement of individual employment applications, retention orders and fee applications with respect to the Ordinary Course Professionals.

18. In addition, the Debtors do not believe the Ordinary Course Professionals are "professionals" within the meaning of Bankruptcy Code section 327, and therefore do not require Court approval of their retention, because the Ordinary Course Professionals will neither assist in administering nor play a central role in these Chapter 11 Cases. *See, e.g., Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (finding "professional persons" as used in Bankruptcy Code section 327(a) "is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate"); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) (stating "professional person" as used in Bankruptcy Code section 327(a) refers only to "persons in those occupations which play a central role in the administration of the debtor proceeding"); *see also In re Renaissance Residential of Countryside, LLC*, 423 B.R. 848, 858 (Bankr. N.D. Ill. 2010) (stating "persons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval" and a "professional person" under section 327 "is limited to persons in those occupations which play a central role in the administration of the debtor proceeding"); *Elstead v. Nolden (In re That's Entm't Mktg. Grp., Inc.)*, 168 B.R. 226, 230-31 (N.D. Cal. 1994) (stating only the retention of professionals whose duties are central to the administration of the estate requires prior court approval under Bankruptcy Code section 327); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (finding

8

section 327 approval not necessary for employees who perform services in the ordinary course of the debtor's business rather than to assist in handling the bankruptcy case).

## NOTICE

19. Notice of this Motion shall be given to: (a) the United States Trustee; (b) Irving DC Lender, LLC; and (c) any such other party entitled to notice pursuant to Local Bankruptcy Rule for the United States Bankruptcy Court for the Southern District of New York 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED:   New York, New York
         June 6, 2017

>                                           TOGUT, SEGAL & SEGAL LLP,
>                                           *Counsel for the Debtors and Debtors in Possession*
>                                           Puble N.V. and Scotia Valley N.V.
>                                           By:
>
>                                           /s/ Frank A. Oswald
>                                           FRANK A. OSWALD
>                                           SCOTT E. RATNER
>                                           One Penn Plaza, Suite 3335
>                                           New York, New York  10119
>                                           (212) 594-5000